| | | |
|---|---|---|
| David L. Settlemyer and Jan Settlemyer, | : | |
| | : | |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | |
| Borg-Warner Morse Tec, LLC, successor-by-merger to Borg-Warner Corporation; | : | |
| BWDAC Inc., f/k/a BWD Automotive Corporation; | : | |
| Carlisle Industrial Brake & Friction Inc.; | : | |
| Caterpillar Inc.; | : | |
| CBS Corporation a Delaware Corporation f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation and as successor-in-interest to BF Sturtevant; | : | |
| CertainTeed Corporation; | : | |
| Consolidated Truck Parts, Inc.; | : | |
| CRA Trailers Inc. f/k/a Great Dane Trailers Inc.; | : | |
| Cummins, Inc.; | : | |
| Daimler Trucks North America LLC; | : | |
| Dana Companies, LLC; | : | |
| Eaton Corporation; | : | |
| Federal-Mogul Asbestos Personal Injury Trust as successor to Felt-Products Manufacturing Co.; | : | |
| Ford Motor Company.; | : | |
| Heavy Duty Parts, Inc.; | : | |
| Genuine Parts Company; | : | |
| Kelsey-Hayes Company; | : | |
| Mack Trucks Inc.; | : | |
| Navistar Inc.; | : | |
| Paccar Inc.; | : | |
| Pneumo Abex, LLC, successor in interest to Abex Corporation; | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

PLAINTIFF, David Settlemyer and Jan Settlemyer, by and through their attorneys, Wallace and Graham, P.A., hereby bring this Complaint, and allege:

1

## JURISDICTION AND VENUE

1. This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or at all material times are or have been engaged in business in the State of North Carolina.

2. Further, this Court has jurisdiction over the parties because the Plaintiff is a citizen of the State of North Carolina and none of the Defendants are citizens of the State of North Carolina. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

3. Pursuant to 28 U.S.C. § 1391(2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in North Carolina.

4. This action is appropriate for governance under this Court's procedures and rules for asbestos-related actions.

## PARTIES

5. Plaintiff, David Settlemyer (hereinafter "Plaintiff"), is a citizen and resident of the County of Iredell, State of North Carolina.

6. All of the named Defendants listed on the caption and alleged herein, are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. Each named Defendant has a principal place of business located in a State other than North Carolina and is incorporated or organized in a State other than North Carolina.

7. Each Defendant corporation during the pertinent times mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials,

or equipment, which are or in the past were sold, distributed, and used in North Carolina; or, are otherwise jointly and severally liable due to their involvement in the underlying facts.

8. During the pertinent times, the Plaintiff was exposed to various asbestos-containing products while working at various jobs, for which asbestos exposure the Defendants are jointly and severally liable.

## BACKGROUND FACTS

9. Plaintiff brings this action for monetary damages as a result of Plaintiff contracting an asbestos-related disease.

10. Plaintiff was diagnosed with Mesothelioma on May 1, 2019.

11. Plaintiff's exposure to asbestos occurred during the course of his employment.

12. During his work history, Plaintiff worked in employment capacities including but not limited to as a diesel mechanic, mechanic, welder and laborer.

13. Plaintiff was exposed to various asbestos-containing products while employed by Davis Oil Company in Statesville, NC from approximately 1979 until 1994; Clean Air Systems in Statesville, NC from approximately 1994 until 1998; Dyno Nobel Piedmont Explosives in Olin, NC form approximately 1998 until 2002 and Purdue Farms in Statesville, NC from approximately 2002 to present.

14. Plaintiff was also exposed to various asbestos-containing products while completing non-occupational projects including, but not limited to, home and automotive repairs, maintenance and remodeling and/or in other ways during the 1970's.

15. During his work history, the Plaintiff worked with or in close proximity to others who worked with asbestos-containing materials including but not limited to asbestos brakes, clutches, gaskets, and other asbestos-containing materials.

## FIRST CAUSE OF ACTION
## NEGLIGENT FAILURE TO WARN, DEFECTIVE DESIGN

16. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

17. At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment, or, are otherwise jointly and severally liable due to their involvement in the underlying facts.

18. The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the Plaintiff or by coworkers who were working with asbestos-containing materials in close proximity to the Plaintiff.

19. Throughout the course of his employment, Plaintiff worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most or all of the exposure being within the State of North Carolina.

20. During the course and scope of his employment, Plaintiff was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as

4

Mesothelioma.

21. Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn the Plaintiff and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

22. Plaintiff, whose livelihood was dependent upon the work that he did for the various employers listed herein, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed, supplied and/or sold by Defendants. Defendants knew or should have known that persons employed as Plaintiff would be required to and would come into contact with and would work in close proximity to said products.

23. Plaintiff sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Plaintiff's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff's body, lungs, respiratory system, skin, health, and general well-being. Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff would not know of such danger to his health.

24. Plaintiff's illness and disability are the direct and proximate result of the

negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Plaintiff's body, lungs, respiratory system, skin, and health.

25. The relevant Defendants breached their duties and were negligent in the following acts and/or omissions:

(a) Failed to advise Plaintiff of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b) Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c) Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e) Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f) Did not recommend methods to improve the work environment;

(g) Did not develop alternative products;

(h) Continued to use a known cancer-causing product, to-wit: asbestos; and

(i) After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform the Plaintiff of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

26. Defendants, at the time of designing, manufacturing, distributing, selling, or

7

otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products. The products in question were defective at the time they left the control of the Defendants.

27. The relevant Defendants who were involved in manufacturing, designing and producing the asbestos-containing products herein had a duty to use reasonable care throughout the manufacturing process, including making sure the product is free of any potentially dangerous defect in manufacturing or design.

28. Under N.C. Gen. Stat. § 99B-5, the relevant Defendants are liable for negligent failure to warn and inadequate warning or instruction, in that they were each a manufacturer or seller of a product who acted unreasonably in failing to provide such warning or instruction. The failure to provide adequate warning or instruction was a proximate cause of the harm for which damages are sought. At the time the relevant asbestos-containing products left the control of the relevant Defendant manufacturers or sellers, the products, without an adequate warning or instruction, created an unreasonably dangerous condition that the manufacturer or seller knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to a reasonably foreseeable claimant.

29. In the alternative, after the relevant asbestos-containing products left the control of the relevant Defendant manufacturer or sellers, the manufacturers or sellers became aware of or in the exercise of ordinary care should have known that the product posed a substantial risk of harm to a reasonably foreseeable user or consumer and failed to take reasonable steps to give adequate warning or instruction or to take other reasonable action under the circumstances.

30. While non-asbestos alternative designs and formulations of the relevant products

8

and equipment were available prior to when some or all of the Plaintiff's injurious exposure occurred, the relevant Defendants negligently failed to adopt a non-asbestos design and formulation during the pertinent times.

31. Under N.C. Gen. Stat. § 99B-6, the relevant Defendants are liable for inadequate design or formulation in that they qualify as manufacturers within the scope of the statute and they acted unreasonably in designing or formulating the product when there was a safer, practical, feasible, and otherwise reasonable alternative design or formulation.

32. During some or all of the pertinent times, asbestos-free product designs and formulations could have accomplished the same functions as the asbestos products.

33. Defendants were negligent and breached their duty of due care to Plaintiff by taking or failing to take the actions as previously alleged to avoid harm to the Plaintiff and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

34. The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Plaintiff were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

35. As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Plaintiff developed Mesothelioma, as a consequence of which, through no fault of his own, he is severely injured, disabled and damaged.

36. As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

37. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

38. The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

39. The implied warranty made by the Defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the Plaintiff carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

40. As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff developed an illness, to-wit: Mesothelioma.

41. As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

## THIRD CAUSE OF ACTION
## NEGLIGENCE, NEGLIGENT RETENTION AND SUPERVISION

42. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

43. At all material times, the relevant Defendants are or were engaged in the business of supplying, installing, replacing, repairing, and/or tearing out asbestos or asbestos-containing products during the course of construction or maintenance activities at the various job-sites listed herein.

44. Upon information and belief, Defendants entered into various contracts to perform construction, maintenance, renovation and/or asbestos abatement work at some or all of

10

the jobsites listed herein.

45. The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be used, applied, installed, repaired, or torn out in the vicinity of the Plaintiff while he was working at his various job-sites.

46. Defendants herein, contracted, employed, retained and/or otherwise hired individuals, servants, agents, and/or employees to perform the work described herein and for which the Defendants had been hired, retained and/or contracted.

47. Defendants herein are vicariously responsible for the negligent, willful and/or wanton acts of their employees, servants and/or agents, who, while committing such negligent, willful and/or wanton acts were acting generally within the scope of their assigned, duties and employment with said Defendant employers.

48. In furtherance of its duties as general contractor, Defendants, by their agents, servants and/or employees, purchased, transported, cut, fitted, sawed, installed, and otherwise handled asbestos containing materials in and throughout certain jobsites identified herein.

49. The construction, maintenance, and installation of asbestos-containing insulation and other asbestos-containing materials, occurred while the Plaintiff was employed and actively working in and throughout the plant and in close proximity to the Defendants' workers and employees.

50. Plaintiff, for a long period of time, worked with or around and was exposed to the asbestos and asbestos-containing materials, products or equipment installed, replaced, repaired, and/or torn out by the Defendants, most of the exposure being within the State of North Carolina.

51. During the course and scope of his employment, Plaintiff has been exposed to Defendants' use of asbestos and asbestos-containing materials, products or equipment, which

exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma.

52. At all material times, Defendants knew or should of have known that exposure to asbestos or asbestos-containing materials is deleterious, carcinogenic and otherwise harmful to persons exposed to asbestos fibers.

53. Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to perform work as described herein in a reasonably safe manner and a duty to prevent injury to individuals, including Plaintiff, who were working in and around the work and/or job areas of the Defendants, their agents, servants, and/or employees.

54. Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to warn the Plaintiff and other foreseeable individuals working in and around the work and/or job areas of the Defendants, their agents, servants, and/or employees of the dangers associated with asbestos exposure which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

55. Plaintiff, whose livelihood was dependent upon the work that he did for the various employers listed herein, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that were used, applied, installed, torn out, or replaced by Defendants. Defendants knew or should have known that persons employed as Plaintiff would be required to and would come into contact with and would work in close proximity to said products.

56. Plaintiff sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Plaintiff's development of an asbestos-related disease

was directly and proximately caused by the negligence and carelessness of Defendants in that they supplied, applied, installed, replaced, repaired, and/or tore out said asbestos or asbestos- containing products, materials or equipment while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff's body, lungs, respiratory system, skin, health, and general well-being. Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff would not know of such danger to his health.

57. Plaintiff's illness and disability are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Plaintiff's body, lungs, respiratory system, skin, and health.

58. The relevant Defendants herein hired, retained and/or otherwise employed individuals in order to perform the Defendants' obligations and duties at the relevant jobsites.

59. Defendants herein had a duty to hire employees and supervisors who were competent and who would otherwise perform their job functions and assignments in a reasonably safe manner, and a duty to properly and adequately train its supervisors and employees in the proper and safe manner in which to perform their functions and assignments.

60. Defendants were negligent in that they hired, retained and/or otherwise employed individuals who were untrained, incompetent, unsafe, careless, reckless and who otherwise acted in an unreasonable and unsafe manner in the performance of their job functions and assignments, including but not limited to, their purchase, transportation, installation, handling, cutting, sawing, fitting, demolition, removal and/or packaging of asbestos and asbestos-containing materials.

61. The Defendants were negligent in that they failed to properly train, inform, equip

and monitor supervisors and employees and the activities of its workers who were employed at the various sites listed herein.

62. The transportation, installation, cutting, removal and/or otherwise handling of asbestos and asbestos-containing materials by Defendant, employees, servants and/or agents was done in a negligent and irresponsible manner.

63. The handling of asbestos-containing materials by Defendants, their responsible employees, agents and/or servants was done in such a negligent and irresponsible manner that hammers and objects of the like were used to knock asbestos insulation and materials off of pipes, boiler, ceilings, walls, and other areas.

64. Defendants, their employees, agents and/or servants handled and worked with asbestos-containing material in such a negligent and irresponsible manner that the air surrounding said job site was not encapsulated or properly ventilated to prevent the release into surrounding areas of airborne asbestos dust and fibers into the breathing space occupied the Plaintiff.

65. As a direct and proximate result of the Defendants negligent hiring, training and/or supervision of its employees, agents and/or servants, the Plaintiff was exposed to airborne asbestos dust and fibers causing injury.

66. Defendants breached their duties and were negligent in the following acts and/or omissions:
   (a) While performing their duties and obligations to provide general and/or specific plant maintenance the Defendants, their employees, agents and/or servants, handled and/or distributed asbestos-containing material in such a way as to expose the Plaintiff herein to airborne asbestos dust and fibers.

   (b) Failed to provide a safe work environment for Plaintiff and others working in the vicinity of Defendant;

   (c) Failing to properly enclose, encapsulate, seal, contain and/or safeguard the worksite in and around asbestos materials in order to prevent the escape and/or

14

release into the surrounding area of airborne asbestos fibers;

(d) Failing to properly warn the Plaintiff of the presence of airborne asbestos fibers which had been released into the air as a direct and proximate result of the Defendants, their employees, agents and/or servants;

(e) Failing to properly label areas of the plant, plant appurtenances and structures, including but not limited to, building insulation, pipes, boilers, walls, ceilings, floors and other areas as to the existence of friable or potentially friable asbestos-containing material;

(f) Failing to take reasonable precautions to publish, disseminate or otherwise make available to Plaintiff, warnings of the dangerous nature of the existence in the plant of asbestos and/or asbestos-containing material and/or prepare, implement or disseminate any reasonable plan to protect the Plaintiff from overall exposure to asbestos-containing materials.

(g) Failed to advise Plaintiff of the dangerous characteristics of the asbestos and/or asbestos-containing materials, products or equipment used at Plaintiff's job-site;

(h) Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(i) Failed and omitted to place any warnings or sufficient warnings on the containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(j) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(k) Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(l) Did not recommend methods to improve the work environment;

(m) Did not use alternative products;

(n) Continued to use a known cancer-causing product, to-wit: asbestos;

(o) During the time period that the Defendants constructed and/or maintained the plant at which Plaintiff worked, including its buildings and appurtenances, the Defendants, their agents, servants, and/or employees failed to provide employees of the plant, including the Plaintiff, who were employed and working in the plant

15

at the time, with any and/or all inadequate protection from exposure to airborne asbestos materials and fibers which were negligently released into the work area by Defendants, their employees, agents and/or servants; and

(p) After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform the Plaintiff of the need for monitoring and periodic evaluations.

67. At all material times, Defendants knew, or in the exercise of reasonable care, should have known about the risks associated with exposure to asbestos or asbestos-containing products.

68. Defendants were negligent and breached their duty of due care to Plaintiff by taking or failing to take the actions as previously alleged to avoid harm to the Plaintiff and other foreseeable users, in light of the reasonably foreseeable dangers caused by the negligent use and application of the asbestos and/or asbestos-containing products, materials or equipment at issue.

69. The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Plaintiff were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

70. As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Plaintiff developed Mesothelioma, as a consequence of which, through no fault of his own, he is severely injured, disabled and damaged.

71. As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

## FOURTH CAUSE OF ACTION
## GROSS NEGLIGENCE; WILLFUL, WANTON, AND RECKLESS CONDUCT; PUNITIVE DAMAGES

72. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

73. Plaintiff and others in his position worked in close proximity to the asbestos and asbestos-related materials used, sold or manufactured by the Defendants, and the exposure and hazard to each of them, in Plaintiff's presence, as well as others in his position, was known, or in

16

the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

74. The Defendants have known or should have known for decades of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the Plaintiff and others in the Plaintiff's position, and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants. As a result, the Plaintiff has been severely damaged as is set forth below.

75. The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure for many decades, thus denying Plaintiff the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

    (a)    failure to warn prior users when the Defendants had knowledge of the need for monitoring due to prior exposure;

    (b)    failure to issue recall type letters to prior users;

    (c)    frustrating the publication of articles and literature from the 1930's through at least 1976;

    (d)    rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

    (e)    The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

76. The acts of the Defendants, and each of them, as hereinabove set forth were

intentional and willful and done with willful disregard of the safety of Plaintiff and others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including Plaintiff arid others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Plaintiff and others similarly situated, and Plaintiff is thereby entitled to punitive damages.

77. Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer, such as Plaintiff, Plaintiff therefore seeks exemplary and punitive damages against Defendants to punish the Defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

78. The Defendants' above-described recurring conduct, acts, omissions, negligence, and impropriety included aggravating factors giving rise to a claim of punitive damages under Chapter 1D of the North Carolina General Statutes.

79. Pursuant to N.C. Gen. Stat. § 1D-15(a), each Defendant is properly liable for punitive damages in this action in that Defendant is liable for compensatory damages and has committed one or more aggravating acts or omissions justifying an award of punitive damages, including without limitation, recurring acts of egregious and reckless behavior, and specific instances of willful and wanton conduct.

80. The recurring conduct, acts, omissions, negligence, and impropriety of the Defendants were willful, wanton, malicious, and in reckless disregard for the rights and interests

of the Plaintiff and justify an award of punitive damages. Accordingly, Plaintiff demands judgment against Defendant for punitive damages in an amount to be determined at trial.

## DAMAGES

81. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

82. As a result of the development of asbestos related diseases, Plaintiff has suffered and sustained very serious injuries to his person, to wit: mesothelioma.

83. Plaintiff has further suffered great pain, extreme nervousness, and mental anguish as a direct result of the aforesaid injuries.

84. Plaintiff verily believes that his injuries and illnesses are recurrent in nature and that he will be forced to suffer same for the remainder of his life; that his enjoyment of life has been greatly impaired; that he has been forced to remove himself from his job due to his poor health resulting in substantial lost wages and loss of earning capacity; and further, that his expected life span has been greatly shortened.

85. Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur large amounts of medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid alleged.

WHEREFORE, the Plaintiff verily believes he is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

19
Case 1:19-cv-00344-MR-WCM   Document 1   Filed 12/12/19   Page 18 of 19

## JURY DEMAND

Plaintiffs respectfully request a trial by jury of all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

A. Award the Plaintiff compensatory damages, in an amount to be determined at trial;

B. Award the Plaintiff punitive damages;

C. Award the Plaintiff pre-judgment and post-judgment interest and any other costs, expenses or fees to which the Plaintiff may be entitled by law; and

D. Award the Plaintiff such other and further relief as is just and proper.

A JURY IS RESPECTFULLY DEMANDED TO TRY THESE ISSUES.

Respectfully submitted, this the 12th day of December 2019.

WALLACE AND GRAHAM, P.A.

/s/William M. Graham
William M. Graham, Esq.
NC Bar No. 17972
Attorneys for Plaintiff
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC 28144
Tel. No. (704) 633-5244
Fax: (704) 633-9434
bgraham@wallacegraham.com


SIMMONS HANLY CONROY

Paul M. Dix, IL Bar No. 6289374
Todd A. Neilson, IL Bar No. 6278121
Attorneys for Plaintiff
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2251
pdix@simmonsfirm.com