IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 344 MR WCM

| | | |
|---|---|---|
| DAVID L. SETTLEMYER and <br> JANE SETTLEMYER <br><br> Plaintiffs, <br> v. <br><br> BORG-WARNER MORSE TEC, LLC; <br> BWDAC, INC.; CARLISLE <br> INDUSTRIAL BRAKE & FRICTION <br> INC.; CATERPILLAR, INC.; CBS <br> CORPORATION; CERTAIN TEED <br> CORPORATION; CONSOLIDATED <br> TRUCK PARTS, INC.; CRA <br> TRAILERS INC.; CUMMINS, INC.; <br> DAIMLER TRUCKS NORTH <br> AMERICA LLC; DANA <br> COMPANIES, LLC; EATON <br> CORPORATION; FEDERAL-MOGUL <br> ASBESTOS PERSONAL INJURY <br> TRUST; FORD MOTOR COMPANY; <br> HEAVY DUTY PARTS, INC.; <br> GENUINE PARTS COMPANY; <br> KELSEY-HAYES COMPANY; MACK <br> TRUCKS, INC.; NAVISTAR, INC.; <br> PACCAR, INC.; PNEUMO ABEX, LLC <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | ORDER |

This matter is before the Court on Plaintiffs' Motion to Compel Defendant Carlisle Industrial Brake & Friction, Inc. to Respond to Plaintiffs' Interrogatories, and Request for Production of Documents, Dates for the Deposition of Defendant's Rule 30(b)(6) Corporate Representative, and Motion

1

Regarding Sufficiency of Certain Responses to Request for Admission (the "Motion to Compel," Doc. 120). The Motion to Compel is fully briefed, see Docs. 121, 125, & 126, and a hearing was conducted on December 21, 2020.

### I. Background

Plaintiffs have filed the instant case seeking damages related to David Settlemyer's alleged exposure to asbestos and subsequent mesothelioma diagnosis.

Relevant to the Motion to Compel, Plaintiffs explain that during his deposition in April 2020, Mr. Settlemyer testified that he performed brake repair and replacement work on semitrucks and trailers while employed as a mechanic at Davis Oil Company in Statesville, North Carolina from 1979-1994. Doc. 121 at 1-2. Plaintiffs further state that Mr. Settlemyer testified that to change the brakes, he used an air compressor or air hose to blow out debris from inside the brake drum, which created dust in the air, and that he handled old brake linings and used a drill to remove those linings which also created dust. Id. at 2. Mr. Settlemyer identified Carlisle Industrial Brake & Friction, Inc. ("Carlisle") as a manufacturer of brake linings he used at Davis Oil. Id.

### II. Legal Standard

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This

determination is to be made "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Oppenheimer v. Episcopal Communicators, Inc., No. 1:19-CV-00282-MR, 2020 WL 4732238, at *2 (W.D.N.C. Aug. 14, 2020) (quoting Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010)).

A district court has broad discretion in managing discovery, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995), including the "discretion to determine whether discovery is relevant to a party's claim or defense," Serum Source Int'l, Inc. v. GE Healthcare Bio-Sciences Corp., No. 3:16CV471, 2017 WL 915132, at *1 (W.D.N.C. Mar. 8, 2017) (citing Watson v. Lowcountry Red Cross, 974 F.2d 482, 489 (4th Cir. 1992)).

### III. Discussion

By the Motion to Compel, Plaintiffs originally sought to compel Carlisle to provide additional responses to Interrogatories 16, 17, 19, and 20; Requests for Production 1-4, 7-8, 10-13, and 16-20; and Requests for Admission 6 and 8-15. Additionally, Plaintiffs sought an order compelling Carlisle to provide

dates for a corporate deposition.

During the December 21, 2020 hearing, counsel for Plaintiffs and counsel for Carlisle advised that the parties had reached a negotiated resolution of most of the issues raised in the Motion to Compel. Plaintiffs now seek to compel Carlisle to (1) provide dates for Carlisle's corporate deposition; and (2) provide supplemental responses to Requests for Production 10, 12, and 13.

### A. Dates for Carlisle's Corporate Deposition

The record indicates that on November 10, 2020 Plaintiffs served a Notice of Deposition on Carlisle pursuant to Rule 30(b)(6) of the Rules of Civil Procedure. Doc. 120-8. Exhibit A to that Notice included 46 topics for examination. The Notice did not contain a specific date for the deposition.

Plaintiffs assert that Carlisle has refused to provide dates for this corporate deposition, see Doc. 121 at 2 & 3, and during the hearing, Plaintiffs confirmed that they seek an order either compelling Carlisle to provide such dates or setting a date for the deposition. Carlisle advised that, after Plaintiffs sent the Notice, it has been negotiating with Plaintiffs regarding the list of deposition topics.

Rule 30(b)(1) states, in part, that "a party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address."

4

Further, Rule 30(b)(6) provides, in part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

This section was amended, effective December 1, 2020, to require that "before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." This requirement was added in an effort to avoid "overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses." See 2020 Amendment Advisory Committee Notes.

Here, the Motion to Compel was filed two (2) days after the Notice was served and it is not apparent that the parties have fully discussed the numerous topics Plaintiffs have proposed. Further, Plaintiffs have not issued a notice setting the corporate deposition for a date and time certain. Under these circumstances, the undersigned finds the Motion to Compel to be premature as to a date for Carlisle's corporate deposition.

### B. Requests for Production 10, 12 and 13

During the hearing, Plaintiffs explained that through these document requests Plaintiffs seek information regarding the state of Carlisle's knowledge concerning asbestos exposure. Request 10 seeks "all documents, files or materials relating to warnings and/or cautions Carlisle provided to its employees regarding the potential health hazards of asbestos;" Request 12 seeks "all documents, files or materials concerning Carlisle's attempts to comply with OSHA, MSHA, NIOSH ~~or other governmental standards~~[1] at Carlisle's manufacturing, development, storage, warehouse, processing, testing, and research facilities;" and Request 13 seeks "all documents, files or materials concerning all incidents of asbestosis, lung cancer, and mesothelioma suffered by – or claimed to be suffered by – Carlisle's current and former employees."

Carlisle argues that Request 10 is overly broad in temporal scope because Mr. Settlemyer worked at Davis Oil from 1979 through 1994, and testified that he only worked around Carlisle's products during the early 1980's. Additionally, Carlisle argues that it has produced MSDS sheets and photographs of warnings provided to end users, and that the type of exposure to which its employees were exposed was materially different such that any

---

[1] During the hearing, counsel for Plaintiffs explained that the parties had agreed to excise this phrase from Request 12.

warnings and/or cautions Carlisle provided to its employees are irrelevant. Plaintiffs contend that Carlisle's employees were exposed to the same asbestos fiber to which Mr. Settlemyer was exposed.

With respect to Request 12, Carlisle argues that the "attempts to comply" language is vague, and that documents related to Carlisle's occupational standards are not relevant. Plaintiffs initially noted that they were unwilling to revise this document request to include a temporal limitation and a limitation to documents related to Carlisle's brake linings but at a later point during the hearing indicated that they may be agreeable to such limitations.

With respect to Request 13, Carlisle explains that because Plaintiffs sought documents related to Carlisle's "current and former employees," Carlisle provided information regarding workers' compensation claims. Carlisle further argues that the request was overly broad because it sought documents concerning health conditions that could have nothing to do with asbestos exposure and, in any event, sought the private health information of non-parties. Plaintiffs explain that they sought clarification of Carlisle's answer; in particular, whether any of Carlisle's current or former employees had filed lawsuits related to asbestosis, lung cancer, and mesothelioma.

As there was some indication during the hearing that Plaintiffs may be willing to reduce the scope of the document requests, the undersigned has considered whether to compel production of relevant information that may be

7

covered by narrowed versions of the requests. See e.g., Mazza v. Quicken Loans, Inc., No. 1:12cv142, 2013 WL 2296657, at *7 (N.D. W. Va. May 24, 2013) ("Rather than causing Plaintiff to rewrite and re-submit Interrogatories 4 and 18 in a more limited scope only to have the same objections raised and argued by Defendant Quicken, the undersigned elects instead to direct Defendant Quicken to respond to the same as herein limited."). However, as Plaintiffs have asked the Court to compel Carlisle to respond to the requests as written, the undersigned will address the requests as they stand. See Progressive Northwestern Insurance v. Gant, No. 15-9267, 2017 WL 656676, at *2 (D. Kansas Feb. 16, 2017) ("Because the discovery requests are so broadly written, the Court cannot endeavor to rewrite or narrow them to make them appropriate. To the extent Defendants want specific information that is encompassed within these categories, Defendants are instructed to serve revised discovery requests."); Finkelstein v. Guardian Life Ins. Co. of Am., No. C07-1130, 2008 WL 2095786, at *2 (N.D. Cal. May 14, 2008) ("Rule 26 does not require the Court to rewrite discovery requests for the parties.") (quoting Robin Singh Educ. Servs., Inc. v. Excel Test Prep, No. C-03-5039, 2004 WL 2554454, *1 (N.D. Cal. Nov. 9, 2004) (declining to rewrite "overly broad discovery request" even though the request "includes documents that might be discoverable")); JJCO, Inc. v. Isuzu Motors Am., Inc., Civ. No. 08–00419 SOM/LEK, 2009 WL 3569600, at *10 (D. Haw. Oct. 30, 2009) ("The Magistrate

Judge is not obligated to rewrite a discovery request to narrow it, or to parse an overly broad request.").

In that regard, the undersigned finds Requests for Production 10, 12, and 13 as written to be overly broad. For example, the requests are not limited in time or to the Carlisle products that appear to be at issue in this case. While Plaintiffs are not foreclosed from issuing more narrowly tailored document requests, the undersigned, as noted, declines to rewrite the current Requests for Production on Plaintiffs' behalf.[2]

Carlisle has not requested that it be awarded its expenses relative to the Motion to Compel pursuant to F.R.C.P. 37(a)(5) and the undersigned does not conclude that such an award should be made.

---

[2] Plaintiffs also argue that Carlisle has waived objections to certain discovery requests because Carlisle's objections were "boilerplate." "A mere statement by the responding party 'that an interrogatory or a document production request is 'overly broad, burdensome, oppressive, and irrelevant' does not suffice as a specific objection.'" Brown v. Blue Cross and Blue Shield of Alabama, No. 3:13-cv-121-GCM, 2014 WL 3519100, at * 5 (W.D.N.C. July 15, 2014) (quoting Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 240 (E.D.N.C. 2010)). Here, while Carlisle's responses to the document requests could have been more robust, the undersigned is not persuaded, particularly in view of the breadth of the requests, that Carlisle should be deemed to have waived its objection rights.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Defendant Carlisle Industrial Brake & Friction, Inc. to Respond to Plaintiffs' Interrogatories, and Request for Production of Documents, Dates for the Deposition of Defendant's Rule 30(b)(6) Corporate Representative, and Motion Regarding Sufficiency of Certain Responses to Request for Admission (the "Motion to Compel," Doc. 120) is **DENIED** as follows:

1. The Motion to Compel is **DENIED WITHOUT PREJUDICE** with respect to Plaintiffs' request that the Court compel Carlisle to provide dates for a corporate deposition;

2. The Motion to Compel is **DENIED** with respect to Requests for Production 10, 12, and 13; and

3. With respect to the other issues raised by the Motion to Compel which were resolved by the parties prior to the hearing, the Motion to Compel is **DENIED AS MOOT**.

Signed: January 6, 2021

*/s/ W. Carleton Metcalf*

W. Carleton Metcalf
United States Magistrate Judge